UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JAMES W. OGLESBY, SR. ]
    Plaintiff, ]
     ] No. 1:10cv78
v. ] (No. 1:10-mc-0009)
     ] JUDGE HAYNES
LES HELTON, et al. ]
    Defendants. ]

## M E M O R A N D U M

Plaintiff, James W. Oglesby, Jr., an inmate at the Marshall County Jail in Lewisburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Les Helton, Sheriff of Marshall County; Sabrina Patterson, an employee at the Marshall County Jail; and Southern Health Partners, a health care provider for the Marshall County Jail; seeking damages. Plaintiff alleges that he suffers from an unspecified malady and asserts claims that the defendants have denied him adequate medical care for this problem.

To state a claim for relief under § 1983, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials

are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 97 S.Ct. 285 (1976). Here, Plaintiff's complaint reflects that he has been given medication for his health issues and has been seen by doctors and/or nurses on several occasions. Thus, the defendants have not been deliberately indifferent to Plaintiff's medical needs. This dispute, therefore, arises over the adequacy of the care provided the Plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. 105-106. Therefore, the Plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

From a review of his complaint, Plaintiff fails to sate the requisite facts for his § 1983 claim. Consequently, he has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WILLIAM J. HAYNES, JR.
United States District Judge
8-30-10